**1**

```
_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

        AUG 17 2018     DJ

              AT SEATTLE
        CLERK U.S. DISTRICT COURT
BY   WESTERN DISTRICT OF WASHINGTON
                        DEPUTY
```

# THE UNITED STATE DISTRICT COURT FOR
## WESTERN DISTRICT OF THE STATE OF WASHINGTON

| | |
|---|---|
| Sing Cho Ng,<br><br>        Plaintiff<br><br>vs..<br><br>Jim Metz of Seattle Department of Planning and Development (the DPD);<br><br>Bing Kung Association, its President Tom Cheng and its manager Yau Shen Chin;<br><br>Terence Wong, Sukhvinder Awla and Ryan Yee of Newcastle Law Group;<br><br>T. Brown, Barbara Miner and Joel McAllister of King County Superior Court;<br><br>John Doe and Jane Doe of Court of Appeals, Division One of Washington State Defendants | **18 CV  1212** 4SM<br>No.<br><br>**Complaint for Damages**<br><br>42 USC 1983, 42 USC 1985,<br>RCW 9A.72.150; RCW 9A.60.050<br>RCW 59.18.250; RCW 59.18.240;<br>SMC 7.24.030;  SMC 22.214;<br>Fair Housing (Occupancy)<br>Civil Conspiracy<br>RCW 9A.82.080 |

## Background & Factual allegation against Bing Kung Association & Jim Metz of DPD

**1a.**     I am Plaintiff of the instant action, low income 75 year old immigrant from China.  I lost my affordable housing in 2015 and became homeless ever since due to a series of law-violating court proceedings orchestrated by judicial officials of King County Superior Court and Court of Appeals, Division One under eviction case #15-2-16467-8 and appeal case #74051-2.

**1b.**     The instant action is my **third** action seeking protection under laws of the United States. My **second** action 2:18-cv-00690 JCC (C18-0690) was filed on May 14, 2018 based on occurrences happened in Superior Court from **May 13**, 2015 through **November 2**, 2015.  My **first** action 2:17-cv-01515 RAJ (C17-1515) was filed on October 10, 2017 based on an unauthorized **forcible invasion** of my SRO on **October 8, 2014**  by three civilian intruders of

| | |
|---|---|
| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al,<br>Case No. | Sing Cho Ng (Plaintiff pro se)<br>P. O. Box 14551, WA 98114,<br>206-861-3382 (Voice-Message) |

**1**

Bing Kung Association (Bing Kung) and two intruders in certain uniforms of the City of Seattle.

**1c.**    On July 9, 2018, an Order DKT 10 of C18-0690, dismissed the action in part with prejudice and in part without prejudice.  Pursuant to said Order, I am seeking protection based on the occurrences in the proceedings of 15-2-16467-8 action and the proceedings Court of Appeals (COA) under #74051-2.  The time frame of the instant action remains the same period from May 13, 2015 through November 2, 2015 as stated in C18-0690.   May 13, 2015 was the date when Defendant Bing Kung brought its first frivolous eviction action 15-2-10896-4 and November 2, 2015 was the date when COA wrongfully dismissed my timely filed #74051-2 appeal.

**1d.**    I have selected **some** documents in support of my claims not being frivolous:

**1d1.**    "**7ᵗʰ and Jackson Development**" which Bing Kung had had financial interest in;

**1d2.**    Letter to Mary Neel with attachment 1 to 5 and 24-26, re **my timely filed NOA**;

**1d3.**    **Unlawful "writ of restitution"** which Bing Kung sealed my SRO door with

**2a.**    With regard to the forcible entering of my SRO, witness-statements are referable Seattle Police Incident Report GO# 2014-337760; Terence Wong for Bing Kung admitted having forcibly entered my SRO and having searched before judge Rogoff on October 21, 2014.

**2b.**    After the forcible entering, in December 2014, Bing Kung imposed rent increase to duress tenants to surrender their SRO by proposing 2015-rent-increase. 2015 rent for my SRO jumped from $305 to $430, which was an increase of 41% in less than twelve (12) months.

**2c.**    In addition to my existing complaint to the DPD, which was based on the forcible entering, in December I added new complaint based on the 2015 rent-increase. My investigation revealed that the underlying issues of Bing Kung's questionable housing practices all stemmed from of a real estate project proposed and promoted by Seattle Chinatown International District Preservation and Development Authority (SCID): "**7ᵗʰ and Jackson Development**".

**2d.**    While I disputed Bing Kung's rent-increase being profiteering and in violation of Seattle housing code, I was never late for the legitimate rent of $305 for my SRO in 2015.

**2e.**    In addition to the "7ᵗʰ and Jackson Development", public record also reveals that in light of Bing Kung's failure to provide heat to tenants, DPD officials issued an RRIO Certificate on March 31, 2015 fraudulently, which encouraged Bing Kung to evict the defiant tenants.

**2f.**    Therefore, Jim Metz of the DPD who was a named defendant in C17-01515 RAJ as well as C18-0690 JCC is a named defendant again in this instant action because of Jim Metz's continuing and deliberate failure of its official duties to implement SMC 7.24.030; 22.214 et al.

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |
|---|---|

**2**

**3a.**     SMC 7.24.030 et al. outlaws rent increase more than one time in a period of 12 months and mandates a 60+ day prior notice be delivered to tenant for rent increase of more than 10%;

**3b.**     RCW 59.18.250 et al. outlaws eviction action brought within ninety (90) days of good-faith administrative complaint brought by the tenant:

**3c.**     RCW 9A.82.080 outlaws profiteering in real property;

**3d.**     Fair housing law outlaws restriction on occupancy under two persons per room;

**3e.**     Seattle RRIO mandates rental property owners to provide heat to tenants;

**3f.**     **Bing Kung's eviction actions were in violation of 3a, 3b, 3c, 3d and 3e.**

**4a.**     In light of accepting my rent of $305 for January, February, March, April,  May and June, on May 13, 2015, Bing Kung filed an eviction action under 15-2-10896-4 accusing me of owing rent and demanding monthly rent of $430 for my SRO followed by bringing a subsequent eviction action under 15-2-16467-8 on July 8, 2015 immediately after its 15-2-10896-4 action was dismissed on May 27.     *See Para. 3a, 3b, 3c, 3d, 3e and 3f.*

**4b.**     I was wrongfully evicted from my SRO on October 5, 2015 and my timely filed COA appeal #74051-2 was wrongfully dismissed on November 2, 2015. Wrong doers were all persons under color of law in violation to Amendment 14, actionable under 42 USC 1983, 42 USC 1985.

## Detailed factual allegation against all defendants, re 15-2-16467-8 SEA proceedings

**5a.**     In the instant action, judge Helson is **NOT** a named defendant.  Although judge Helson is not a named defendant, in-depth scrutiny of Helson's handlings of the proceedings is necessary.

**5b.**     From **August 24, 2015** through **October 2, 2015**, I had acted to allow multiple opportunities for Helson to correct its errors. **Eighteen months** after Helson unlawfully acted to influence the decision of COA, **on April 3, 2017**, I still filed motion to request Helson to exercise its discretion power to cure the wounds.  Unfortunately, my good faith efforts had all been ignored or refused. *See Sub#156 of 15-2-16567-8, my motion;*  See Sub#157, *Helson's refusal*.

**6.**     With regard to the second eviction action, the original hearing was set on July 21, 2015, which was less than 90 days from the first eviction action.  On July 21, Wong's request to extend the hearing to a date beyond 90 days from May 13, was granted.  A trial for the second eviction was held on August 18, 2015 before judge Helson. On its face Bing Kung was not violating RCW 59.18.250, which was not the case under scrutiny.   The following paragraphs are for

courtroom practices presided by trial judge Helson from August 18 through October 5, 2015, which can reflect judge Helson's manifest errors made deliberately and maliciously:

**7a.**   **Helson's deliberate and malicious wrongful interpretation of SMC 7.24.030.**

From the conversation between judge Helson and Terence Wong, at the onset of August 18 hearing,  Helson already had knowledge that once Bing Kung's May 2015 eviction was dismissed Wong must not proceed on with a second eviction action in less than ninety (90) days:

**7b.**   "*Wong:   Okay. Your Honor, you heard arguments -- you heard.  This is a pretty straightforward case in our opinion, your Honor....   They are allowed to raise the rent so long as they comply with various ordinances and statutes, which they have. [Verbatim Report @ 175]*

**7c.**   *Trial Judge:   Well, they knew about the anti-harassment proceeding, they were present. Wong:   He could not cite a specific statute or ordinance related to either increase of the $50 per roommate and he also cited Seattle Municipal Code 7.24.030, which requires the 60-day notice for any kind of increase in rent of 10 percent or more.        [Verbatim Report @ 176 &177]*

**7d.**   *Trial Judge:   Thank you. I have a couple of questions for you, and then I'll hear from Mr. Ng. When you are talking about the amount entitled for amounts owing, hasn't there been a waiver for the months of January through either May or June based on your client's acceptance of the rent paid? [Verbatim Report @ 177 & 178]*

**7e.**   *Trial Judge:   So just so that I'm clear, the May eviction for the unlawful detainer proceeding was dismissed because there had been an acceptance of rent? It doesn't wipe out the past due, it simply means you can't proceed on an unlawful –     [Verbatim Report @ 178]*"

**8a.**   During the August 18 trial and the subsequent August 25 presentation of order and judgment, with regard to conclusions of law re Bing Kung's raising rent two times within a period of 12 months, trial judge made verbal ruling in favor of Bing Kung's demand by deliberately and maliciously wrongfully interpreting SMC 7.24.030 as follows:

**8b.**   "*Trial Judge*: . . . *increasing rent in such an extreme way,   the bottom line is that Washington law allows them to do that. They provided 60 days' notice. It is clear under both Seattle law and Washington State law that if they provide that notice they are permitted to increase rents. . .[Verbatim Report @ 187]*

**8c.**   *Trial Judge*: *in my opinion we're seeing a lot of instances of landlords engaging in massive increases of rent in light of the market that we're currently in . . . Under both the City and the State law, when you've made report to an agency there's a presumption of retaliation if an unlawful detainer action is perceived within 90 days . . . [Verbatim Report @ 187]*

**8d.**   *Trial Judge: Here, I find that Bing Kung was aware of the anti-harassment case, and I'm not making a specific finding about whether they were or were not aware of the complaint to Mr. Metz . . . I think it's quite likely that Bing Kung was aware that Mr. Ng was pursuing*

| | |
|---|---|
| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |

*various complaints . . [Verbatim Report @ 188]*

**8e.**      **Trial Judge:** *That being said, I don't find that either the increase in rent or the unlawful detainer is retaliatory for several reasons. One is that the rent increase and the per-person surcharge applies to all of the tenants in this building and there was substantial . . . So I do not find that the actions are retaliatory with regard to Mr. Ng specifically, and so I do not find that to be a basis for defending against the unlawful detainer. . . So I do find in fact that there is an unlawful detainer ... [Verbatim Report @ 188]*

**8f.**      **Trial Judge:** *While he ultimately was incorrect about the illegality of the rent increase and the per-person surcharge, I do find that he had a colorable claim, and I further find that there are -- that he has raised some reasonable concerns about the conduct of Bing Kung [Verbatim Report @ 189]*

**8g.**      **Trial Judge:** *here and the timing of what has occurred in relation to his raising complaints. And for that reason, as a matter of -- if I have the authority to do so, I'm inclined to give him a five-day period to cure and pay fully all back rent owed in order to retain his occupancy. . . Whether or not I have the authority to allow him to cure, I am going to stay the writ of restitution for 30 days to allow Mr. Ng to find housing. . . . Mr. Ng, what I'm going to order is that if you want the opportunity to cure, you need to deposit with the court by next Monday, close of business, and the monies that would be owed in order to cure the deficiency. . [Verbatim Report @ 190]*

**8h.**      **Trial Judge:** *I have drafted a -- I have taken the findings of fact and conclusions of law prepared by Mr. Wong and made some edits consistent with my rulings and also consistent with something that changed in the meantime which is that Mr. Ng did deposit $875 in to the Clerk of Court. So I'm going to briefly indicate what my written   what my rulings are and will have the bailiff hand out the written decision that I've already signed. ...I am denying Mr. Ng's motion for reconsideration. ... That being said, the issues you raise in your motion for reconsideration are not properly before this court on an unlawful detainer action, and we do not have any form of rent control here in Seattle.... The law is very clear that in the absence of a written rental agreement, you are on a month-to-month tenancy, and the law is similarly clear that as long as the landlord provides tenants with the requisite notice the landlord is free under Washington law to raise rents more frequently than every two years and by more than 9 or 10 percent, and there is nothing, there is no case law or any other indication that the fact that a landlord previously has followed a particular pattern creates any kind of binding obligation on the landlord. For that reason, I am denying the motion for reconsideration and not requesting any response from the plaintiff on that issue. [Verbatim Report @ 197 & 198]*

**8i.**      **Trial Judge:** *"And it is clear to me that the Municipal Code section that you've cited in fact is very clear that if you give 60 days' notice you can increase rents by more than 10 percent and you can increase them more than once in a 12-month period. That's the point of that section." [Verbatim Report @ 204]*

**9a.**      With regard to the legality of Bing Kung's raising rent two times within a period of 12 months and with regard to whether I did owe $125 monthly rent, trial judge Helson made written ruling on August 25, 2015 presentation of order/judgment as follows:

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |
|---|---|

**9b.**   "*2.8   The defendant has deposited $875 to the Court Clerk under protest.  That amount represents the full amount of back rent owing through August 31, 2015" [Sub#35 @ 4]*

**9c.**   "*3.2   The monthly rental amount was properly raised since there was no written lease agreement between the parties.  In the city of Seattle, the rent for month to month tenancies can be raised at 10% or more so long as the tenant is given at least 60 days' notice, which was provided in this case. Washington  state law allows  increases  in rent for month to month tenancies  with no limit on how many times the rent can be raised or the percentage  by which the rent is raised, so long as the proper  notice requirements are complied  with, as occurred  in this case.  Furthermore,  the fact that a landlord has a pattern  of increasing  rents only biannually  and only in a limited  percentage  does not create  a binding obligation  for landlords  to continue  that pattern." [Sub#35 @ 4]*

**10.**   <u>**About the disputed amount of rent-increase**</u>.   At the end of August 18 trial, I was instructed to deposit $875 to Court in order to continue my tenancy pending appeal under judge Helson's verbal ruling, which can be reflected on Page 3 of Clerk's Minute dated 8/18/2015:

"*4:06:35  The Court presents oral ruling and findings of facts and conclusions of law granted the unlawful detainer.*
*Plaintiff's counsel to present proposed written findings of facts and conclusions of law.*
*The Court will allow the parties to submit briefing by 8/24/15 on whether the Court has the authority to allow the Defendant to cure the deficiency of his rent, in the amount of $875.00."*
*The Court will stay the writ of restitution for 30 days to allow Defendant to find housing.*
*Defendant to deposit deficient amount of rent into the court registry by 8/24/15.*
*Presentation hearing is scheduled for 8/25/2015   at 3:30 p.m.*
*4:20:57  Court concludes.*                                                    *[Sub#23 @ 3]*

**11.**   Page 2 of Sub#27 Order and Page 2 of Sub#28 Order re Presentation dated August 19, 2015 9:00 AM both also contain similar instruction of judge Helson as follows:

"*2.  If the defendant seeks to cure the deficiency and retain possession, he*
*shall deposit $875 representing the additional rent owing for February through August above the $305 per month he has already paid either to Bing Kung (February through June) or to the court (July and August). Such payment shall be made to the court by no later than 4:30 p.m. on Monday, August 25, 2015." *                    *[Sub#27 @ 2] and [Sub#28 @ 2]*

**12.**   <u>**My compliance with August 18 verbal ruling, its Sub#27 and Sub#28 orders.**</u>

I timely paid $875 into court register on August 24 so that I could continue tenancy pending appeal and I filed a motion requesting reconsideration of trial judge's August 18 verbal ruling because I no longer owed any rent and should not be subject to eviction.   *[Sub#32]*

**13.**   <u>**Accounting the updated rent payment as of August 2015**</u>:

As of the close of business of August 24, 2015, I had fully paid the demanded rent for August

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |
| --- | --- |

**6**

($305 added on July 21 plus $125 paid on 8/24), the demanded rent for July ($305 remitted in July plus $125 paid on 8/24) and the disputed $125 per month for June, May, April, March and February, a total of $625 ....  My tenancy was at good-standing for the month of August 2015.

**14a.**     **Status of my SRO.**  My tenancy status on August 25, 2015 was the same as it was on May 27, 2015 when Bing Kung's first eviction action was dismissed. Bing Kung had accepted the rent they demanded and I did not owe rent to Bing Kung as of the end of August 2015.

**14b.**     **Conflicting legal principle.**  Helson's August 25 order was conflicting to and was trying to overturn the legal principle of 15-2-10896-4 dismissal.  **See Sub#18, 15-2-109864 SEA**

**15.**     **Self contradicting ruling.**  It is also my position that Helson's August 25 Sub#35 Order was contradicting to its August 18 verbal ruling, its August 19 Sub#27 Order and its August 19 Sub#28 Order **and conflicting to the 15-2-10896-4 decision**.     *[Sub#32, Sub#35, Sub#36]*

**16.**     **Unfair and biased waiver.**  During the August 25, 2015 presentation, Helson exercised its discretion authority to waive Bing Kung's attorney from responding to my motion for reconsideration in which I emphasized the weight of the twelve month clause of SMC 7.24.030 and Helson's manifest errors in the conclusions of law.   *See Verbatim Report @197.  See Sub#32, Sub#35 and Sub#36.*

**17.**     **Fraudulent acts encouraged by Helson.**  With such unfair and biased waiver, Bing Kung attorney did not respond to my August 24, 2015 motion, Sub#32 Motion for Reconsideration and never responded to any of my subsequent post-judgment motions ... *See Sub#49, Sub#48, Sub#46 and Sub#45, Sub#50, Sub#52 and Sub#55.*

**18a.**    Based on the above facts, in my Amended Complaint, DKT 8 of C18-0690, I pressed charges against Helson of intentional omission of material facts, intentional misrepresentation of laws and abuse of judicial power as a judge in order to deprive my rights under SMC 7.24.030.

**18b.**    Although I respectfully abide by DKT 10 of C18-0690 as to **not** to name Helson and its bailiff Grant defendants in the instant action, as of right, I will seek review of the Order to dismiss with prejudice re all my charges against Helson, by the Ninth Circuit.

**19a.**    **Obstruction of justice.**  At the end of the August 25, 2015 presentation of order, Helson explicitly made the following statement:

" ... *I encourage you to see whether there's something you can offer Mr. Wong in terms of*

| | |
|---|---|
| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |

*agreeing to not pursue some of your other complaints in order to get them to voluntarily agree
to let you stay …"*          *[Verbatim Report @ 204]*

**19b.**    Helson's such statement **done in an open court** was advising/suggesting me to
withdraw my complaints in C15-00814 as well as my administrative complaints against Bing
Kung for its unfair SRO practices and my pending action against Bing Kung's attorney's
questionable in-person-service of the summons ...

**19c.**    Helson's deliberate use of plural number for the word "complaint" was also pointing to
the pending legal actions stemming from the unlawful forcible entering of my SRO and the "7th
and Jackson Development" both of which persons under color of law physically participated in.

**19d.**    As I stated in my Amended Complaint, DKT 8 of C18-0690, I was shocked to hear that
because Helson was making a statement of obstruction of justice in an open court.

**20a.**    Based on Helson's obstruction statement, in the Amended Complaint of C18-0690, I
pressed charges against Helson of miscarriage of conduct and abusive use of judiciary power in
its official capacity as a superior court judge in an open court to make statement of obstructing
justice on August 25, 2015 as to "suggest" and or to "advice" me to withdraw my complaints
against Bing Kung to exchange for an SRO tenancy under a law breaker's management.

**20b.**    Although I respectfully abide by DKT 10 of C18-0690 so that I do not name Helson and
Grant defendants of the instant action, as of right, I will seek review by the Ninth Circuit of the
Order to dismiss with prejudice all my charges against judge Helson.

**21.**    By paying $875 into the court register, on August 24, 2015, I had complied with judge
Helson's August 18 verbal ruling in order to continue my tenancy so that I could appeal the case.
I marked the phrase "Under Protest" on the front page of my August 24, 2015 motion document
because I was so sure that trial judge was terribly wrong about its August 18 ruling and its
August 25 presentation of order.          *See Sub#32 @ 6.*

**22a.**    To secure my timely payment of rent for September 2015 and after, I instructed my
bank to remit monthly $305 to Bing Kung and $75 to superior court separately.  *See Sub#42*

**22b.**    Superior Court's acceptance of my $875 on August 24, 2015 shall mean my tenancy
was being secured by the Superior Court at least to August 31, 2015. If Bing Kung still desired
to evict me, they must wait at least ninety days pursuant to RCW 59.18.240 & 250 to redo a
completely new eviction action. Unfortunately, judge Helson did not thing this way ....

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |
| --- | --- |

8

**23a.**     On August 25, 2015 when I received a copy of judge Helson's written order/judgment at the conclusion of the presentation, that order/judgment had not been filed into court record.

**23b.**     Sub#35 is a **FILED** copy of trial judge's August 25 order/judgment, which was filed into record by **deputy clerk Kara Armatis** after the August 25 presentation.  *See Sub#35.*

**24a.**     Based on trial judge's August 25 ruling and its obstruction statement, in the morning of August 26 at about 8:30 AM, I delivered in-person a copy of my second post-trial motion to judge Helson's courtroom, requesting the judge to remedy.

**24b.**     **I have courtroom footages for 8:30 AM to 10:30 AM of August 26 which can positively prove my presence at E960, my delivery of my motion to bailiff Grant.**

**24c.**     **On October 23,** I filed into court still-shoots of footages to preserve evidence for appeal proceeding.   *See Sub#64 @ 94-115.*

**25.**     After I filed my second post-trial motion on August 26, I delivered working copy to Judge's Mailroom and served a conformed copy on Bing Kung's attorney ...   *See Sub#36*

**26a.**     Trial judge's responsive action (through its bailiff) to my August 26 early morning visit was as follows: After Grant received my document, took it into trial judge's chamber for several minutes apparently for reviewing, copying and forwarding to Bing Kung's attorney, Grant gave me back my document but refused to acknowledge receipt of it.

**26b.**     To respond to my protest, Grant told me that Helson would only accept request via email and gave me a post-it sticker with a hand-written email address of Helson.Court. *See Sub#39*

**27a.**     I did as Grant instructed.  While I went to public library for emailing my request, Helson acted "within its discretion" suspiciously, dishonestly and fraudulently. Specifically, Helson:

**27b.**     issued an amendment to the already in effect Sub#35 Order/Judgment

**27c.**     disguised its amendment being a legitimate order, and

**27d.**     filed its amendment into court record purportedly to override the already in effect Sub#35 Order/Judgment.   *See Sub#37*

**28a.**     Since Helson's amendment, known as Sub#37 AMENDED Order/Judgment, was materially altering the already in effect August 25 Sub#35 Order/Judgment and was materially overturning its own August 18 verbal ruling, its August 19 Sub#27 Order and its Sub#28 Order,

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |
| --- | --- |

9

it was my position that trial judge's Sub#37 AMENDED Order/Judgment was but a court-initiated dispositive motion which must also be noted for a hearing no less than twenty-eight (28) days from the completion of service on the parties. I only received a copy Sub#37 on August 31.

**28b.**     To be exact, a hearing for judge Helson's said dispositive motion must be noted **no earlier than Friday, October 2, 2015, the Fourth Friday after the week of completion of service** because I was only served with the judge's Sub#37 dispositive-motion on Monday, August 31, 2015.

**28c.**     Upholding its discretionary power, judge Helson deliberately and maliciously failed to note the required hearing. No hearing had ever been held after August 31.   *See Sub#43.*

**29.**     Additionally, in light of existence of my Sub#36 cross motion filed on same day of Sub#37, it was my position that judge Helson was abusing its judicial power to ignore my request for a hearing date for my motion.

**30.**     <u>**A suspicious and fraudulent way to enter its dispositive motion into court record**</u>:
Upon my August 31 receipt of trial judge's Sub#37 AMENDED Order/Judgment, from the front page of the document, I immediately detected absence of a bold **FILED** stamp of deputy clerk who entered trial judge's "ruling" into court record and absence of trial judge's E-Filed signature page when it filed document into court record electronically.

**31a.**     My knowledge about the due process for filing a document in court is: when a document is received over the counter and entered court record, the document filed will bare a thin FILED stamp with year month date hour and minute of filing and

**31b.**     When a document initiated by a judge only, it must not enter into record over customer counter. If not by E-filing, that document must be filed via a deputy clerk and it will bare a bold **FILED** stamp with name of the deputy without year month date hour and minute of filing.

**32a.**     Evidence speaks. Fraudulent activity occurred because judge Helson's amendment document (Sub#37) entered into court record over the customer counter at E609 of King County Courthouse either by trial judge itself, or by its bailiff, or by Bing Kung's pro tem attorney, or by trial judge's collaborating counterparts at the customer counter, possibly Defendant T. Brown, in order to create a false impression that Helson's Sub#37 document was a legitimate Amended Order/Judgment, which had gone through all required steps.   *See Sub#37,  Sub#32, Sub#35.*

**32b.**     **Helson's one of a kind method entering its amendment document (Sub#37) into**

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |
|---|---|

superior court record was within the meaning of fraud, which must be penalized.

**33a.**    In my Amended Complaint of C18-0690, I was challenging judge Helson to deliver affirmative defense to justify:

**33b.**    its refusal to acknowledge having received two copies of my Sub#36 motion,

**33c.**    its refusal to respond to my Sub#36 motion at all times. Even when, on October 5, 2015 it issued its Sub#55 Order On Defendant's Motions, it collectively denied my third post-trial motion Sub#45, my fourth post-trial motion Sub#46, my fifth post-trial motion Sub#48, my sixth post-trial motion Sub#49 and my seventh post-trial motion Sub#50.   *See Sub#55.*

**33d.**    its not using Superior Court's E-Filed method for entering its Sub#37 AMENDED Order/Judgment, a dispositive motion initiated by judge Helson,

**33e.**    and its not using superior court's mailroom department to serve the Sub#37 AMENDED Order/Judgment on the parties on the same day of its "issuance" of its Sub#37 AMENDED Order/Judgment, and

**33f.**    its waiving Bing Kung's attorney Terence Wong to respond to my Sub#36 motion at all times ...

**33g.**    its involvement in the superior court's withholding my Sub#49 and Sub#65 extension time motions to the COA respective in or about September 15 and October 29.

**33h.**    its involvement in Grant's tempering of COA #74051-2 record on October 5, 2015.

**34.**    <u>Fraud charges against judge Helson, bailiff Grant, pro tem Wong and T. Brown</u>:
Based on what had happened from early morning of August 26, 2015 through my receipt of a copy of the **over-counter filed Sub#37** AMENDED Order/Judgment on August 31, 2015, I am pressing fraud charges against trial judge Helson, its bailiff Kirstin Grant and Bing Kung's pro tem attorney Terence Wong and their collaborating counterparts in the superior court, T. Brown in particular.

## Judge Helson' discretionary uses of its judicial power opened the doors for subsequent fraudulent acts of the named defendants in this instant action

**35.**    **Janet Helson and Kirstin Grant are NOT defendant.**  However, their handlings of the proceedings of 15-2-16467-8 SEA from **August 18, 2018** through **October 5, 2015** shall be subject under scrutiny in this instant action.  The document Grant submitted into COA was the combination of Page One of Sub#51 for the genuine Notice of Appeal I filed in the Superior

Court on October 1, 2015 and the second page through last pages of the working papers of the notice of appeal I submitted over the customer counter on October 1.  For this Court's information, paper trails on the first, the second and the last page of the document Grant submitted into the COA will unveil the falsity of Grant's document.  Although in my original complaint DKT 5 and my amended complaint DKT 8 of C18-0690 action, Janet Helson and Kirstin Grant were both named defendants because I have supportive evidence to prove that in a number of actions and inactions related to 15-2-16467-8 SEA, Helson and its bailiff acted had invaded my rights under Fourteenth Amendment.  To respectfully abide by Order DKT 10 of C18-0690, in this instant action, Janet Helson and Kirstin Grant are NOT named defendants.

**36a.**    **Defendant Bing Kung Association.**  In order to move out tenants to fulfill their "obligation" under **State One** of **7ᵗʰ and Jackson Development**, in May 2015 Bing Kung filed legal actions to evict defiant tenants.  On May 13, 2015, I was served the summons under 15-2-10896-4 SEA.  This eviction action was immediately dismissed on May 27, 2015 because Bing Kung admitted that they accepted my rent for June 2015 as well as May, April, March, February and January of 2015.  Within less than ninety (90) days, on July 8, 2015 Bing Kung brought a **second eviction** against me under 15-2-16467-8 SEA.  Therefore, Bing Kung Association is a named defendant in this action for filing frivolous 15-2-16467-8 eviction action. *RCW 59.18.240; RCW 59.18.250; Fair housing law; RCW 9A.82.080; Seattle RRIO; SMC 7.24.030.*

**36b.**    On October 5, 2015, I was wrongfully evicted by King County Superior Court 15-2-16467-8 action brought by Bing Kung Association on July 8, 2015.  The 15-2-16467-8 trial court erroneously upheld Bing Kung's demand of increasing the rent of my SRO from $305 to $430 and condemned me of owing $125 per month from February 2015 through August 2015, a total of $875.  Bing Kung is also charged with operating a profiteering "affordable" rooming house rental business for low income immigrants from China.

**37a.**    **Defendant Tom Cheng and Defendant Yau Shen Chin.**  In 2015 Tom Cheng was the president of Bing Kung and Yau Shen Chen was the property manager.  On August 18, when they testified before trial judge Helson, they provided false information to mislead the trial judge in to belief that Jim Metz of the DPD confirmed that Bing Kung's housing practices were within the bounce of law, including but not limited to their collaboration with the named defendants of the DPD for the fraudulent issuance of an RRIO Certificate on March 31, 2015.

**37b.**    And, on September 29, Tom Cheng and Yau Shen Chen were responsible for tearing

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |

**12**

down the mail pocket and the curtain on my door followed by sealing my SRO door with two unlawfully created writs of restitution (the Writ or the Phantom Writ) to threaten me to move out before 11:59 P.M. of October 5, 2015.  Their unlawful acts were witnessed at least by one of my then neighbors, a Mrs. Lee of SRO 308, with whom I have contact telephone number.

**37c.**      Later on, they provided false information to mislead King County Sheriff about the timing and the manner of their "posting" of the unlawful writ on my SRO door.  Tom Cheng and Yau Shen Chin must be held liable for their intimidating acts and for causing the Sheriff to file a defective Return of Service on October 9.  I took photos of my door sealed by the unlawful writs and I will provide the photos to support my charges against these two defendants.
***See Paragraphs 51d to 51h, 54a to 54d below.***

**38.**      **Perjury and fraud charges against Defendants Wong and Awla**

Defendants Terence Wong and Sukhvinder Awla are being sued under perjury and fraud charges for their acts to serve summons in both 15-2-10896-4 and 15-2-16467-8 eviction actions while not being a third party person .  ***CR4; RCW 4.28.080; RCW 9A.72.085; RPC of WSBA.***

**39.**      **Fraud charges against Defendant Wong.**

Defendants Terence Wong is being sued under fraud charges for tempering court records for its filing a document into 15-2-16467-8 docket on August 26, 2015 known as Sub#37 or Amended Findings of Fact; Conclusions of Law; Judgment and Order Granting Writ of Restitution Immediately. ***RCW 9A.72.150; RCW 9A.60.050.***

**40a.**      **Fraud charges against Defendants Terence Wong and T. Brown.**

**Charges against T. Brown.**  On September 29, 2015, **Terence Wong** and **T. Brown** manipulated court records by creating a unlawful writ of restitution for my eviction.  Although that unlawful writ was stamped with the Seal of King County Superior Court, with a stamped name of Superior Court Judge Susan Craighead, a stamped name of Superior Court Clerk Barbara Miner and with the signature of deputy clerk T. Brown, however it apparently was not and has never been approved by Susan Craighead or Barbara Miner.  Therefore, in this action, with regard to T. Brown's "issuance" of that unlawful writ of restitution, T. Brown is charged of tempering court records, abuse of official power to fraudulently creation of a phantom writ of restitution to mislead the King County Sheriff to execute an eviction. ***42 USC 1983; 42 USC 1985.***

**40b.**      **Charges against Terence Wong.**  Terence Wong is charged of undue influence and collusion in tempering court records which charges are separated from the charges against

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |

13

Terence Wong himself and its associate attorney and its law firm partner Ryan Yee.

*42 USC 1983; 42 USC 1985; RCW 9A.72.150; RCW 9A.60.050;*

**41.     Fraud charge against Defendants Jim Metz, Geoff Tallent of DPD of City of Seattle.**

Jim Metz, Geoff Tallent of Seattle Department of Planning and Development are named

defendants in this instant action for their issuance of an RRIO Certificate of Property

Registration for Defendant Bing Kung Association to "lawfully" operate residential rooming

house business of Bing Kung Tong at 420 7th Avenue Seattle, WA 98104 in light of DPD's

knowledge of Bing Kung's failure to provide heat to the tenants at all times.

*SMC 2.24.030; SMC 22.214; 42 USC 1983; 42 USC 1985; RCW 9A.72.150; RCW 9A.60.050;*

**42a.     Charge against Defendant Barbara Miner, Clerk Superior Court .**

Barbara Miner offered to collaborate with Helson, Grant and Terence Wong to prevent me from

bringing appeal to the Court of Appeal, Division One.  Specifically, Defendant Miner failed its

official duties to transmit my September 16, 2015 filed Motion for Extension of Time to File

Appeal to the Court of Appeal, Division One known as Sub #**49** of 15-2-16467-8 SEA action.

*42 USC 1983; 42 USC 1985; RCW 9A.72.150; RCW 9A.60.050.   See Sub#49*

**42b.     Defendant Barbara Miner, the Clerk Superior Court of King County.**

Barbara Miner offered to collaborate with Helson, Grant and Terence Wong and T. Brown to

prevent me from bringing my second appeal to the Court of Appeal, Division One.  Specifically,

Defendant Miner Barbara Miner failed its official duties to transmit my October 29, 2015 filed

Motion For Extension Of Time To File Notice Of  Appeal To Court Of Appeals Division One,

Appealing From Two Court Orders, Respectively Dated 9/29/2015 And 10/5/2015

known as Sub #**65** of 15-2-16467-8 SEA action.

*42 USC 1983; 42 USC 1985; RCW 9A.72.150; RCW 9A.60.050.   See Sub #65*

**42c.     Defendant Joel McAllister, a Financial Manager of King County.**

Defendant Joel McAllister offered to collaborate with **Barbara Miner**, Helson, Grant and

Terence Wong and T. Brown to withhold my October 29, 2015 filed Sub#**65** Motion from filing

to the Appeal To Court Of Appeals Division One and refused to submit the same upon my

written request.  I have certified King Superior Report dated 11-17-15 13:41 to prove that my

Sub#65 motion was being withheld from October 29 through November 19 by Defendant Miner

and Defendant McAlliter and I have signed response from McAllister to prove that Defendant

Miner and Defendant McAlliter were the parties who refused to submitted my Sub#65 motion

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) | **14** |
|---|---|---|

to the COA.  Therefore, by extension, Defendant Miner and Defendant McAlliter should also be the parties who refused to submit my Sub#49 motion to the COA on August 16.

*42 USC 1983; 42 USC 1985;*

**43a.**     **Defendants John Does and Jane Does of the Court of Appeal, Division One:**
During the period of October 5, 2015 through November 2, 2015, certain unidentified judicial official(s) of the Court of Appeal, Division One tempered the COA #74051-2 records by removing the electronically transmitted notice of appeal, an eighteen page set of the genuine my October 1, 2015 filed Notice of Appeal and attachment, Sub#51 of the 15-2-16467-8 docket file) and the cover sheet of the Event 10-01-15 from the record of the COA #74051-2 file.

**43b.**     Said tempering (removal) of COA #74051-2 record had directly misled Commissioner Mary Neel of the COA into belief that my appeal, Event 10-5-15 Case Received and Pending was belatedly filed on October 5, 2015 and

**43c.**     that my motion for extension to file appeal, Event 10-05-15 Motion to Extend Time to File, was belatedly filed on October 5, 2015.

**43d.**     Said deliberately implanted misleading information resulted in Commissioner Neel's ruling to dismiss my #74051-2 appeal on November 2, 2015.

*See Event 11-02-15 Decision Filed and Event 11-02-15 Ruling terminating Review of COA #74051-2*

*Compare page by page Event 10-5-15 Case Received and Pending of docket files of COA #74051-2 with the genuine Sub#51 of 15-2-16467-8 docket file*

*42 USC 1983; 42 USC 1985;*

**44.**     **Against Defendant Ryan Yee and Terence Wong.**
Defendant Ryan Yee and Terence failed their fiduciary responsibility to supervise its associate Sukhvinder Awla re Awla's acting as server of summons, which cased damages on Plaintiff.

**Mixed factual allegations in support of Plaintiff's instant action; Repetition is expected.**

**45.**     This instant lawsuit is my action for damages due to tortuous conduct of Bing Kung through its corrupted bi-status attorney Terence Wong to bring two consecutive eviction actions, within less than sixty days, with knowledge that the "ground" of their actions was false, unfounded, and malicious and without probable cause, especially the second eviction action.  My C18-0690 action was brought primarily due to tortuous conduct of Helson and its bailiff Grant.

46.     When I stepped into Helson's courtroom on August 18, I was anticipating Helson to impartially uphold the law.  Unfortunately Helson's acted otherwise.

47.     On August 18, August 24, August 25 and August 26, August 28 I had allowed ample opportunities for Helson to correct its correctable errors.  Even after September 29, on October 2, I still allowed Helson to back down accordingly.  Unfortunately Helson chose to extend its unlawful acts further into appellate court on October 5.  *See Sub#55, Sub#52, Sub#50, Sub#49, Sub#48, Sub#46, Sub#45, Sub#36, Sub#32.*

48.     Bing Kung's unlawful objective was to evict the defiant tenants so as to path way for the real estate project Bing Kung had direct business interest in ...  Said objective seemed squarely matching Helson's bias belief that for monetary benefits it was acceptable to break the law ... because Helson was seeing "*a lot of instances of landlords engaging in massive increases of rent in light of the market ...*" *See Verbatim Report @ 187.  See Para 1d1 above "7th & Jackson"*

49.     In my **5**/27/2015-dated Sub#15 response to Bing Kung's 15-2-10896-4 eviction action and in my 7/21/2015-dated Sub#11 response to the subsequently brought 15-2-16467-8 action and further in my 8/18/2015-dated Sub#26A trial brief for the August 18 trial of 15-2-16467-8 before Janet Helson,  I clearly pointed out that even if Bing Kung's other unfair SRO practices were put aside,  just based on Bing Kung's rent increase notice, Bing was in violation to SMC 7.24.030 because rent increase in Seattle must not be brought more than one time in a period of 12 months and must not be brought within ninety days in light if a good faith complaint in government.  Helson should have dismissed the 15-2-16467-8 action on August 18 because the May 27 dismissal of 15-2-10896-4 was within ninety day of August 18 and because there were unresolved administrative complaints in DPD.

50.     **Verbatim Report**.  On about September 20, 2016 and October 5, 2016, a full 208 pages of verbatim report had been transmitted to the COA under #74251-5.

51.     And, on March 27, 2018 a full paper copy of same had been entered into docket of 2:17-cv-01515-RAJ under Document 22-4, 5, 6, 7.

52.     For this Court's information, Sub#**15** of 15-2-10896-4 is my response to Bing Kung's first eviction action. Sub#**11** of 15-2-16467-8 is my response to Bing Kung's second eviction action;  Sub#**26A** of 15-2-16467-8, is my trial brief for August 18 trial of Bing Kung's second eviction action;  Sub#**32** of 15-2-16467-8 is my first post-trial motion for reconsideration

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |
|---|---|

**16**

after the August 18 trial of Bing Kung's second eviction action; Sub**#36** of 15-2-16467-8 is my second post-trial motion for consideration on the next day of Helson's repeated and deliberate bending SMC 7.24.030 and its daring obstruction statement. *See Verbatim Report @ 204.*

53.     My Sub**#36** motion for more definite statement was filed in less than 24 hours after judge Helson presented its 8/25/2015-dated Sub**#35** Order/Judgment.   In early AM court hours of August 26, I rushed to Helson's courtroom E960 for scheduling a date for hearing my motion not only due to the manifest errors Helson made in its written presentation of order, and not only due to Helson's 8/25/2015-dated order being contradicting to its August 18, 2015 verbal ruling but also because of the obstruction statement Helson made at the end of the August 25 presentation.  I was acting in good faith to allow Helson a way out...

54.     I am requesting this Court to scrutinize the following documents issued by judge Helson after the August 18, 2015 verbal ruling of 15-2-16467-8: Sub **#23** which is Clerk's Minute for the August 18, 2015 trial;  Sub**#27** Order which was issued and E-FILED by judge Helson after the August 18, 2015 trial;  Sub**#28** Order re Presentation which was issued and E- FILED by judge Helson after the August 18, 2015 trial; and Sub**#35** which was issued by judge Helson on August 25 and was entered into court record by deputy Kara Armatis after the August 25 presentation. At the conclusion of the presentation, bailiff delivered a pre-filed copy of Sub**#35** to Terence Wong and I was given a copy of Wong's copy.  Sub#35 is entitled as "Findings Of Fact; Conclusions Of Law; Judgment; And Order Granting Writ Of Restitution Immediately".  For easy of reference, this document is referred to as Sub#35 Order/Judgment ...

55.     I filed my Sub**#36** motion in good faith for Helson to back down from wrongs and to end the messed up 15-2-16467-8 eviction action ...

56.     I expected integrity in Helson's courtroom practice, however the opposite was committed by Helson when it was "upholding" the law ...

57.     Since Helson did not appreciate my good faith effort to uphold SMC 7.24.030 but insisted on complicating the case again and again, and extended its fraudulent acts again and again, I have no choice but to initiate C18-0690 action before the statutory limitation runs out...

58.     For computation of statutory limitation: I filed #74051-2 appeal on October 1, 2015. Before I filed my notice of appeal on October 1, 2015, on September 16, I had timely filed a

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |
| --- | --- |

**17**

motion for extension of time for filing my NOA.    *See Sub#49 and Sub#50.*

59.    COA mandated for termination of the #74051-2 appeal was dated March 17, 2017. . .

60.    A questionable 8/26/2015-dated Sub#37 document of 15-2-16467-8 entitled with "**AMENDED** Findings Of Fact; Conclusions Of Law; Judgment; And Order Granting Writ Of Restitution Immediately" was entered into court record in a very suspicious manner and was delivered to my SRO mail-pocket on about August 31, 2015. The postal item was put in mail by Helson's bailiff using a **Forever Stamp** without court's Mailroom Service. *See Sub#43.*

61.    Most suspiciously, the content in the envelope was a document being disguised as a legitimate "order" but was without the necessary elements to be called a legitimate court order.

62.    Using an envelope with a judge's courtroom address for sender and bearing image of signature of a judge only does not constitute a document to be called a legitimate order ....

63.    What ever name Helson chose to name its Sub#37 document, Sub#37 document is a motion to amend initiated by Helson, a dispositive motion that needed to be noted for a hearing before it would become a legitimate order that could replace the already in effect Sub#35 Order.

64.    Regardless the thin line $FILED$ stamp with year month day hour and minute record **Helson's Sub#37 Dispositive Motion** was only served on my party on August 31, 2015 ... Therefore the effective date of Helson's Sub#37 dispositive motion would have become a legitimate order must not be earlier than August 31, 2015. **Therefore, even if Defendant Barbara Miner had chosen not to submit my Sub#49 motion for extension time to the COA and even if Defendant Grant had acted to "filed" a false motion for extend time to mislead the COA, my October 1, 2015 filed appeal was within the statutory limitation, which must not be dismissed ....**

65.    Because Helson's Sub#37 dispositive motion purported to alter the material part of an already in effect legitimate Sub#35 Order/Judgment: the material part of an already in effect Sub#28 Order re Presentation, the material part of an already in effect Sub#27 Order, the material part of the 8/18/2015-dated verbal ruling and the material part of the 8/18/2015-dated Sub#23 Clerk's Minute for the August 18, 2015 trial, at most this Sub#37 document was a dispositive motion in fact and was required under Rules of Civil Procedures to note for a hearing

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |
|---|---|

**18**

on a Friday no less than twenty-eight (28) days from the Friday of the week of completion of the service.

66.     To comply with the RPC, Helson's Sub#37 motion should be noted no early than Friday, October 2, 2015.  However, no hearing had ever been noted and no hearing had ever been held ...

67.     Because the method the filer of the Sub#37 document entered the document into court record was over-customer-counter but not through a deputy clerk with a bold line **FILED** stamp of a deputy clerk to verify due process had been complied with, I casted extensive doubt on the legitimacy of Helson's Sub#37 document although Helson acted to disguise it with a title "**AMENDED** Findings Of Fact; Conclusions Of Law; Judgment; And Order Granting Writ Of Restitution Immediately" with the signature of judge Helson ....   *See Sub#39, Sub#41,Sub#43*

68.     As I stated above, I demand affirmative defense be submitted by trial judge Helson and its bailiff as to why the Sub#37 document initiated by Helson did not enter into court record by E-Filing and why there was no bold line **FILED** stamp of any deputy clerk ...

69.     Based on the content of an email dated Wednesday, August 26, 2015 10:38 AM executed by Kirstin Grant, I have reason to believe that filer of Helson's Sub#37 document was Terence Wong or Helson or Grant.  **Since Helson and Grant were dismissed with prejudice, Terence Wong must be required for a non-guilty affirmative defense for the fraud charge.** *See Sub#39 @ 2*

70.     To taint the proceedings, Wong entered Helson's "AMENDED Order/Judgment" into court record in order to dupe the busy deputy clerks at the customer counter into belief that this "AMENDED Order/Judgment" was a legitimate order after a hearing in the morning of August 26, which was never the case.

71.     Grant acted to temper COA record on October 5, 2015 was NOT within Janet Helson's jurisdiction so that Grant's act on October 5, 2015 shall NOT be immune from civil liability. *See relevant paragraphs above and below.*

72.     **Weight of My cross motion Sub#36.**  On August 26, I filed my Sub#36 motion before Helson's fraudulently entered its Sub#37 document into court record.  Before I actually filed my motion, I delivered a paper copy of my motion to courtroom E960 for Helson's review at about 8:30 AM .  Bailiff Grant received my motion document, brought it into Helson's Chamber, let

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) | **19** |

me wait outside for an hour.  When I reentered at about 9:30, Grant made me wait at the bench for about five to seven minutes, came out from the Chamber with a straight face, abusively refused to acknowledge receipt and told me that they did not accept in-person delivery and that I had to submit my request hearing date via email ...  I have courtroom footage for the morning session of courtroom E960 to support my presence and my submission of document to Grant and I will submit a CD copy and or still shoot images upon instruction of this Court. *Sub 64 @ 94-115*

**73.   <u>Fraudulent Acts of Wong on September 29, 2015 encouraged by Helson.</u>**
Being a pro tem court commissioner enabled Wong to receive preference **before, during and after** the August 18 trial, and before, during and after the August 25 presentation.

**74.**   On September 29, Wong unduly influenced deputy clerk T. Brown to acknowledge Helson's Sub#37 motion to be a legitimate order for issuance of writ of restitution.

**75.**   Although the "issued" writ was with the Seal of the court and the "approval" of Judge Craighead and Clerk/Director Miner, the "issued" writ never entered into superior court record.

**76.**   With this 9/29/2015-dated phantom writ, Wong further acted to dupe the Sheriff into believe that the writ Wong presented was a legitimate finality writ which could effect a forced eviction by the Sherriff.                          *See Sub#58 @ 2-3*

**77.**   Bing Kung defendants sealed my SRO at about midnight of September 29, to intimidate me to move out so as to clear the obstacle to 7th and Jackson development ... *See Sub#56 @ 8-9*

**78.**   The "writs" Bing Kung defendants posted on my door and sealed my entrance were defective.  According to Sub#58 @1, Return of Service, Detective David Easterly served a copy of "**the annexed Writ of Restitution**" "**on the door**" of my SRO on "**9/30/2015, 6:40 AM**" by "**posting a copy of the Writ of Restitution on the door**" but not by posting one copy on the door and an additional copy sealing the door.                   *See Sub#58 @ 2-3. Sub#56 @ 8-9 and compare*

**79.**   Due to Wong's knowingly presented a falsely created writ of restitution into Sherriff's record, I am pressing tempering of physical evidence charge against Terence Wong.

**80.**   Due to the discrepancy of time, the intimidating manner of sealing of my door and the absence of signature of T. Brown on the actual documents posted-on and sealing my door ...  I am pressing charge against Terence Wong for their malicious acts and their intentional abuse of

the due process in the execution of their unlawfully created writ of restitution.

**81.**   **Grant's "filing" of notice-of-appeal-like document in COA on October 5, 2015**

On October 5, trial judge Helson instructed its bailiff to commit a in-person "filing" of a set of highly suspicious documents into the office of Appellate Court at 11:51 AM of October 5, 2015 for use to influence the decision of Commissioner Mary Neel and Administrator Richard Johnson in matters related to my COA appeal #74051-2 ...

**82.**   To be specific, the suspicious document Grant "filed" into COA was a combination of a copy of the front page of Sub#51 and the second to last pages the working copy of my notice of appeal delivered to Judge's Mail Room for judge Helson and Judge Craighead. **Discrepancies of Grant's document can be found on the front, the second and the last page.**

**83.**   To be more specific, that suspicious document is under COA for #74051-2 record **Event Date 10-05-15, Motion to Extend Time to File,  Action Filed ... . Page by page comparison of COA Event Date 10-05-15, Motion to Extend Time to File with my genuine notice of appeal in superior court docket: Sub#51 will disclose the falsity of** the document bailiff Grant "filed" on October 5, 2015.

**84.**   **To be triply specific,** the undue influence mentioned herein included but not limited to the questionable removal of the whole set of electronic transmitted Notice of Appeal and the attachments from the superior court to the COA for #74051-2 file record under **Event Date 10-01-15, Event Description Notice of Appeal,  Action Filed ...**

**85.**   Based on Kirstin Grant's October 5 "motion to extend time to file", unidentified COA officials made the whole set of my genuine notice of appeal filed in the superior court and electronically transmitted to the COA on October 1, 2015 disappear followed by, on November 2, 2015 dismissed my #74051-2 appeal based on erroneous findings that my motion for extend time was untimely.   *Compare COA Event Date 10-05-15 document with Sun#51.*

**86.**   I timely filed my motion for extension of time to appeal on September 16, 2016, which was within less than thirty (30) days from the August 18 verbal ruling.   *See Sub#49 and Sub#48.*

**87.**   For unjust reason, my Sub#49 extension time motion was not forwarded to the COA due to continuing undue influence of Helson on the superior court clerks.   *See Sub#55 by Helson*

**88.**   I was forced to litigate lengthy appeal proceedings in COA for more than two years....

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) | 21 |

89.     I have reason to believe that certain COA officials were duped by Helson and Grant when dismissing my #74051-2 appeal ...

90.     <u>Wong and Awla in violation to RCP when executed in-person service of summons</u>

Bing Kung's first eviction action was brought on May 13, 2015 and was dismissed on May 27, 2015 by a non bias judge, Judge N. Bradburn Johnson.  Terence Wong was the attorney of record for both of Bing Kung ... Bing Kung's second eviction action was brought on July 7, 2015 ...  At all times, Wong also acted as a court commissioner in KCSC and one of the owners of Newcastle Law Group, P.C. ... Ryan S.F. Yee (Yee) was Wong's law partner.... Sukhvinder Awla (Awla) was an associate attorney of Newcastle.... 15-2-16467-8 SEA was heard on July 21 before Judge Johnson, who dismissed Bing Kung's first eviction action 15-2-10896-4 ... Before Judge Johnson acted to dismiss Bing Kung's second eviction action, Wong requested an extension ...  Wong's request was granted and a trial was scheduled for August 18 before Janet Helson ...

91.     Prior to the July 21, I had already detected a number of questionable practices of Wong that its associate attorney Awla which was: they unlawfully acted as server of summons on their opposing parties.  I have multiple unsworn declarations of Awla to support my charge...

92.     I request this Court to scrutinize the 15-2-10896-4 dismissal order that at the end of the second line where and after the formatted phrase "IT IS HEREBY ORDERED that" is a hand written sentence "***this matter is dismissed because Plaintiff received and accepted May, 2015 rent.***".  This sentence was handwritten by Terence Wong under instruction of Judge N. Bradburn Johnson.  After judge Johnson signed the dismissal order, Wong brought the order out of the courtroom and told me to put my signature on the lower right corner to indicate my acceptance... **Before I** formally **signed acceptance,** I blocked Wong's handwritten sentence by adding a double **//** followed by my full signature next to the double **//** ...  Wong was very uncomfortable when he saw me doing that ... It is a pity that Terence Wong was not intelligent enough to abstain from fraudulent acts ...  On July 7, 2015, at about noon of the day, with Awla standing and leaning back against the wall along the corridor on the opposite side of my SRO side-way to the rear-left behind Terence Wong, Wong appeared at my door ... Without greeting, Wong handed me the summons and the relevant documents of the 15-2-16467-8 action ... After completion of the delivery, Wong asked me in English if I would agree to change the trial date to a later date to fit his calendar ... I didn't give it a yes or no answer ... But I told Wong that I

| | | |
|---|---|---|
| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) | **22** |

would only respond to formally served documents in writing ... Seeing that he could not dupe me into agreeing an extension, Wong left and never came back ...   *See Sub#20 @ 245*

93.      Being the attorney of record for Bing Kung, Wong and its associate were **not** non-party to both 15-2-10896-4 SEA and 15-2-16467-8 SEA.   They both should have knowledge that it was a violation to serve the summons on a defendant at the commencement of legal actions under Rules of Civil Procedures... Wong did not truthfully declare he was the server of the of summons ..., and Awla falsely declared that it was the server of the summons on that day ...

94.      With Awla falsely declared that she was the server of summons on July 7, 2015 ... Not only was Wong the supervisory attorneys of Sukhvinder Awla which created an avid interest and supervising responsibility but Wong was also a court commissioner of KCSC and attorney of record in fact of 15-2-16467-8; Wong and Awla were partners in crime based on KCSC records. Wong and Awla must be found guilty by association of criminal charges: accessory and perjury.

95.      I am pressing charges against Terence Wong for its violation to RCP and for its act to accessorize the act of perjury of Awla and I am pressing charges against Awla:  a criminal act of perjury based on Awla's declarations dated May 13, 2015 and July 7, 2015 respectively...

96.      **Bing Kung sealed my SRO door before midnight of September 29, 2015**

**Sub#37** motion to amend opened the door for Terence Wong's refusal to respond to my duly served motions ... Helson's **Sub#37** motion to amend opened the door for Terence Wong to dupe deputy clerk Terence Brown to fraudulently issue a never-on-record 9/29/2015-dated writ of restitution for Terence Wong's use to mislead King County Sheriff into enforcing a forced eviction on October 5, 2015 ... At about midnight of September 29, 2015, my **SRO door was** being posted on and **sealed** by two "court" documents under the title of writ of restitution, bearing the Seal of King County Superior Court and the **stamped names** of Judge Susan Craighead, Clerk Barbara Miner and Deputy T. Brown without any signatures on it which could be a clue of the responsible party ...         *See Sub#56 @ 8-9*

97.      Sealing my door by a questionable "writ of restitution" was a new invasion of my civil right because it was purportedly done by a law enforcement officer from office of the King County Sheriff ...         *See Sub#58 @ 1-3*

98.      **I took pictures of the sealed door before I broke the unlawful "writs" ...**

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) | 23 |

99.      **The situation became ugly on and after September 29, 2015.**  For security reasons, I vacated my SRO before the deadline, midnight of October 5, 2015.  *See Para 1d3 above.*

100.      Since I had already filed two appeal related motions on September 16, 2015 for stay enforcement of writ of restitution and for extension of time for filing notice of appeal the **posting-on-door** matter, the **sealing-door** matter as well as the **"execution"** of this 9/29/2015-dated writ matter will be formally brought to this Court accordingly within statutory limitation...

101.      Bing Kung's eviction lawsuits were all frivolous and should be stricken on the spot.

102.      The whole 15-2-16467-8 trial proceeding on August 18 and the post-trail proceedings on August 25 and August 26 and further to Grant's August 28 mailing of the Sub#37 document to me materially mirrors **judge Helson's offering itself to be duped by Terence Wong,**

103.      Helson's fraudulently "legitimized" its 8/26/2015-dated Motion to amend into questionable **In less than nine months,** after my civil rights were invaded by two name identified officials of Seattle City in October of 2014 and in 2015, my civil rights were again terribly invaded by a group of court officials and officers in matters above mentioned ...

104.      Beyond belief, the prime invader of my civil rights in 2015 would have been the trial judge if I had not read through each and every single line of the verbatim report.

105.      Depriving a citizen of a right or privilege protected by the Constitution or laws of the United States **by** persons acting under color of law must be deterred, not to mention that the prime violator included a superior court judge Janet Helson.

106a.      In this instant lawsuit and the C18-0690 lawsuit evidences all point to facts that the acts of the defendants, especially Janet Helson and Terence Wong were, though on its surface, were done while they were performing their duty in the court of law and or while they were acting within their lawful "authority", which was not the case.

106b.      These people were all aware that he or she was required to speak the truth and his or her acts were beyond the bounds of that official's lawful authority.  And their acts were deliberately and maliciously done to cause harms on Plaintiff while these people were purporting to or pretending to act in the performance of his/her official duties, which was not the case.

107a.      <u>**Helson's fraudulent acts extended into the appellate court in October 2015.**</u>
My discovery of Helson's fraudulently "filed" document in the COA was on November 4,

2015 that my motion for extension to file notice of appeal was under Event 10-05-15 of COA 74051-2 case summary.  On November 30, 2015, I sent my request to Barbara Miner for clarification of such belated filing of my Sub#49 motion for extension.  A person by the name of Joel McAllister responded that the superior court did NOT send any document to the COA on October 5, 2015.  Based on McAllister's letter, I was able to confirm that COA Event 10-05-15 was NOT the genuine Sub#49 motion for extension of time to file appeal. *See Para 1d2 above.*

**107b.**     Based on McAllister's letter, I requested the COA to disclose the filer of  Event 10-05-15.  However, COA dismissed my appeal and refused to justify their grounds for dismissing my appeal.  As a result, I was compelled to engage in a lengthy 74051-2 appeal for more than eighteen months, sustaining irreparable mental and emotional injuries.   *See Para 1d2 above.*

**108.**     Disregarding the fact that the superior court had already accepted my September 16 motion for stay of restitution and my motion for extension time for filing notice of appeal, I doubly secured my rights for appeal by filing my notice of appeal on October 1, 2015, appealing from Helson's 8/25/2015-dated Sub#35 Order/Judgment and Helson's 8/26/2015-dated Sub#37 Motion to amend, before surrendering my SRO to avoid forced eviction by Sherriff before the deadline stated in the questionable writ. *See Para 1d2 above.*

**109.**     In order to find out what happened to the 9/29/2015-dated phantom writ, on October 29, 2015, I filed my second motion for extension of time for appeal and waiver of filing fees to challenge that phantom 9/29/2015-dated "writ of restitution" *See Para 1d2 above.*

**110a.**     **In response to my request to clarify as to why my October 29, 2015 filed Sub#65** Motion For Extend Time and Waiver Of Fees was not submitted to the COA.  On December 7, **Joel McAllister** openly admitted that they refused to process my 10/29/2015-dated motion for extension time.

**110a.**     **And McAllister also formally confirmed that COA #74051-2 Event 10-05-15 documents were NOT from the superior court, which statement incriminated the fraudulent acts of Helson and Grant.**          *See Para 1d2 above.*

**111.**     I have Electronic Court Records to support my claim against such refusals and I have written refusals executed by Joel McAllister to support my claim against such refusals ...

**112.**     I have reason to believe that superior court's refusal to forward my October 29, 2015

appeal related motion to COA was due to undue influence by trail judge Helson and bailiff Grant from October 5, 2015 to the end of October 2015...

113.    On November 2, 2015, COA dismissed my #74051-2 appeal based on the fraudulently Event 10-05-15 document entered into COA record at 11:51 AM of October 5, 2015 by Kirstin Grant

114.    Disregarding that Barbara Miner, Joel McAllister and John Does and Jane Does of the COA were not named defendants in C18-0690 action, they are now named defendant in this instant action.        *See relevant paragraphs above.*

## Jurisdiction.

115a.    Defendants include a vast number of government officials in King County Superior Court.  Defendants' acts and practices alleged by Plaintiff committed in City of Seattle, State of Washington, which is within the jurisdiction of this Court.

115b.    Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1346.

## Venue.

116a.    Venue is proper in this Court.  Bing Kung Association, King County Superior Court, Terence Wong, its Newcastle Law Group partner and its associate attorney all have their physical addresses, offices and headquarters in King County, State of Washington as authorized under 28 U.S.C. Section 1391.

116b.    All the causes of action alleged by Plaintiff arose and occurred in the State of Washington City of Seattle.

### 117.    Cause Of Action One:
Negligence and Conspiracy
against all persons under color of law in their official and individual Capacity

117a.    All causes of action of this instant lawsuit are based on what had happened **from May 13, 2015 through November 2, 2015 inclusively** pleaded above.

117b.    Actions and inactions were committed by different individuals and at different occurrences and at different time but accorded at and resulted in the damages and sufferings of Plaintiff

117c.    The challenged acts of the individually named King County Superior Court officials and judicial officers , including Janet Henson, Kirstin Grant, and Terence Wong constitute the

| | |
|---|---|
| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |

elements of predominant purpose conspiracy, that .

**117d.**    They acted in combination, that is, in concert, by agreement or common design;

**117e.**    Their predominant purpose was to intentionally harm Plaintiff; and

**117f.**    Their conduct caused harm to Plaintiff;

**117g.**    They committed unlawful act such as a crime, a tort, or breached some statute;

**117h.**    They committed unlawful acts such as obstructing justice;

**117i.**    They committed unlawful acts such as intentional miss representation;

**117j.**    Their conduct was directing towards Plaintiff;

**117k.**    They knew or ought to have known that injury to Plaintiff was likely to occur from their unlawful act; and

**117l.**    Their unlawful conduct in furtherance of their conspiracy caused harm to Plaintiff.

### 118.    Cause Of Action Two
Negligence against persons under color of law of the King County Superior Court and of the Court of Appeals, Division One  in their official and individual capacity, in violation of Amendment 14 and actionable under 42 USC 1983, 42 USC 1985

**118a.**    Defendants had the duty to exercise reasonable and ordinary care in carrying out their official and individual duties as attorneys. in

**118b.**     As a proximate result of the actions of the defendants, Plaintiff has been injured and consortium along with economic and emotional damages.

### 119.    Cause of Action Three:
Intentional Misrepresentation, Fraud and Deceit
against persons under color of law of the DPD in their official and individual capacity

**119a.**    Defendants misrepresented material facts and Plaintiff was unfairly deceived by their misrepresentations, specifically the statements of Jim Metz in Jim Metz's November 26, 2014 letter to Plaintiff  suggesting that Bing Kung's "move-out" notice did not violate City Code and DPD's  issuance of RRIO Certificate to encourage law violating business of  Bing Kung.

**119b.**    Defendants engaged in a course of conduct which included express and implied misrepresentations of material facts concerning compliance with City of Seattle's Ordinance applicable on the SRO of the New American Hotel Plaintiff resided.  Such misrepresentations induced reliance on the part of Plaintiff as to their assertions.

**119c.**    Defendants knowingly made false representations concerning their representation and induced Plaintiff into relying on their wholly false and purposed misrepresentations.

**119d.**    Defendants had knowledge of the falsity of their representations, or showed a reckless

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |
|---|---|

disregard for the truth in their successful but deceitful effort to induce Plaintiff and other parties.

**119e.**    Defendants intended to induce Plaintiff and other parties into relying on their misrepresentations.

**119f.**    While Defendants intentionally induced Plaintiff and other parties into relying on the misrepresentations of the defendants; Plaintiff was ignorant to the falsity of the expressed misrepresentations of the defendants.

**119g.**    Plaintiff justifiably relied on the truth of the defendants' statements,

**119h.**    Plaintiff's right to rely the assertions of the defendants was valid and justified because of the official capacities of the defendants.

**119i.**    Due to the intentional misrepresentations and fraud on the part of the defendants, Plaintiff suffered damages.

### 120.    Cause of Action Four:
Causation and Damages against all Defendants in their official and individual capacity

**120a.**    Equitable relief or prospective relief alone is inappropriate here.    Rather, Plaintiff is entitled to general and special damages, reasonable attorney's fees and the broadest of monetary damages remedies.

**120b.**    As a direct and proximate cause of defendants' tortuous conducts, and their violation of statutory and common law, Plaintiff has suffered substantial, special and general damages of a kind that would be foreseeable;

**120c.**    As a direct and proximate result of the tortuous conducts and acts of the defendants, Plaintiff has suffered severe emotional distress, inconvenience, pain and suffering, humiliation, anxiety, loss of shelter, loss of enjoyment of life, loss of self respect and other non-pecuniary, loses as previously alleged herein, and plaintiff will continue to suffer these losses into the foreseeable future.

**120d.**    As a direct and proximate result of the tortuous conducts and acts of the defendants, Plaintiff suffered special damages for costs associated with any medical and prescription costs, and pending damages for future medical treatment.

**120e.**    Plaintiff prays for attorney's fees, costs, and any such other and further relief as the law provides to remedy Plaintiff's injuries.

### 121.    Cause Of Action Five:
Declaratory Judgment against Bing Kung Association

**121a.**    Declaratory Judgment against Bing Kung Association per person surcharge policy in

its 2015 rent-increase practice in violation to **Fair Housing Law occupancy standard** due to Bing Kung's imposition of monetary surcharge on each of the second and the third SRO residents was meant to alter the allowable per SRO occupancy standard, in violation to **Fair Housing Law**, in violation to Washington Law Against Discrimination (Family with Children).

**121b.**    Declaratory Judgment against Bing Kung Association 15-2-16467-8 eviction action being in violation to **RCW 59.18.250** due to Bing Kung's 15-2-16467-8 eviction action was brought within less than 90 days from the immediately previous dismissed 15-2-10896-4 action.

**121c.**    Declaratory Judgment against Bing Kung Association in violation to **RCW 59.18.240**, RCW 59.18.250  due to Bing Kung's 15-2-16467-8 eviction action was brought in light of existence of unresolved administrative complaint in Department of Planning and Development.

**121d.**    Declaratory Judgment against Bing Kung Association in violation to **SMC 7.24.030** based on the fact that Bing Kung's receipt of my April 2015, March 2015 and February 2015 rent of $305 per month became status quo and based on the fact that Bing Kung failed to give me the required sixty day notice for their desire to raise the rent from $305 per month to $430 per month prior their commencement of the 15-2-10896-4 SEA eviction action.

**121e.**    Declaratory Judgment against Bing Kung Association in violation to **SMC 7.24.030** based on the fact that Bing Kung's receipt of my May 2015, April 2015, March 2015 and February 2015 rent of $305 per month was status quo and based on the fact that Bing Kung failed to give me the required sixty day notice for their desire to raise the rent from $305 per month to $430 per month prior their commencement of the 15-2-16467-8 SEA eviction action.

**121f.**    Declaratory Judgment against Bing Kung Association in violation to **RCW 9A.82.080** based on the fact that Bing Kung's 2015 rent from $305 per month to $430 per month.

### 122.    Cause of action Six  against Sukhvinder Awla individually
For Sukhvinder Awla knowingly acted to violate Rule of Civil Procedures which prohibit a plaintiff's party to serve summons on the opposing party.  On May 13, 2015 at commencement of 15-2-10896-4 eviction action against me and on July 7, 2015 at the commencement of 15-2-16467-8 eviction action, I was the opposing party.

### 123.    Cause of action Seven against Terence Wong individually
For Terence Wong knowingly acted to violate Rule of Civil Procedures which prohibit a plaintiff's party to serve summons on the opposing party.  Terence Wong, on July 7, 2015 at the commencement of 15-2-16467-8 eviction action, served, in-person, on me the summons of the 15-2-16467-8 eviction action in which I was the opposing party.

| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |

29

124.    **Cause of action Eight against Terence Wong individually**

For Terence Wong knowingly acted to mislead King County Sheriff to enforce an unlawful eviction with a falsely created and never be authorized "writ of restitution"

125.    **Cause of action Nine against Ryan Yee and Wong collectively and separately**

For their failure of fiduciary responsibility to supervise its associate attorney Sukhvinder Awla to observe Rules of Civil Procedures which prohibits a plaintiff's party to serve summons on the opposing party on May 13, 2015 re 15-2-10896-4 in which I was the opposing party.

126.    **Cause of action Ten against Tom Cheng and Yau Shen Chin individually**

For their acts of lying during the October 18, 2015 hearing, their acts of intimidating Plaintiff on September 29, 2015 and for their acts of bringing the frivolous 15-2-16467-8 eviction action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A.    Enter declaratory judgment that the acts and practices of the defendants complained of herein are in violation of the law of the United States, the State of Washington, and the law of the City of Seattle and common law;

B.    Award Plaintiff compensatory damages and other general and non-pecuniary damages as herein above alleged;

C.    Award Plaintiff special damages for all injuries and damages sustained by Plaintiff;

D.    Award Plaintiff the costs of this action, including the fees and costs of expert together with reasonable attorney's fees;

E.    Award Plaintiff total damages in amount to be proven at the time of trial;

F.    Grant restraining order to protect the existing SRO tenants who will testify at the trial;

G.    Grant triple damages;

H.    Grant punitive damages;

I.    Grant Plaintiff such and other relief as this Court deems necessary, just and equitable.

Respectfully submitted this _17th_ day of _August_, 2018.

_August 17, 2018_

**Sing Cho Ng (Plaintiff Pro Se)**

| | |
|---|---|
| AMENDED Complaint for Damages v Terence Wong, Barbara Miner, Joel McAllister, T. Brown et al, Case No. | Sing Cho Ng (Plaintiff pro se) P. O. Box 14551, WA 98114, 206-861-3382 (Voice-Message) |