UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SING CHO NG,

      Plaintiff,

v.

JIM METZ, *et al.*,

      Defendants.

CASE NO. C18-1212 RSM

ORDER TO SHOW CAUSE

## I. INTRODUCTION

*Pro se* Plaintiff Sing Cho Ng has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #8. Plaintiff's Complaint was docketed on September 12, 2018. Dkt. #9. Summonses have not yet been issued.

## II. BACKGROUND

Plaintiff brings this action against an employee of the City of Seattle, the association that was his former landlord, the association's president and manager, several attorneys that represented the association, and employees of the King County Superior Court and Washington Court of Appeals. Dkt. #9. Plaintiff's central complaint is that:

> I lost my affordable housing in 2015 and became homeless ever since due to a series of law-violating court proceedings orchestrated by judicial officers of King County Superior Court and Court of Appeals, Division One under eviction case #15-16467-8 and appeal case #74051-2.

ORDER – 1

Dkt. #9 at ¶ 1a. This is the third action that Plaintiff has filed in this Court against an ever-growing list of defendants. *See Ng v. Bing Kung Ass'n, et al.*, No. C17-1515RAJ (2017) ("*Ng I*") and *Ng v. Metz, et al.*, No. C18-690JCC (2018) ("*Ng II*").

*Ng I*, addressed Plaintiff's claims related his landlord's rent increase and subsequent actions taken to evict Plaintiff. *See generally*, *Ng I*, Dkt. #4. Plaintiff maintains that the landlord's actions were taken in concert with other defendants to remove him from his apartment and allow a construction project to proceed. *Id*. *Ng I* was dismissed with leave to amend on July 30, 2018, was subsequently amended, and is currently active with three pending motions to dismiss. *Ng I*, Dkts. #30, #34, #35, #38, and #39.

*Ng II*, addressed Plaintiff's claims related to two state court unlawful detainer actions filed to remove him from the property. *See generally*, *Ng II*, Dkt. #5. The first state court unlawful detainer action was quickly dismissed. *Id*. The second was pursued to judgment—albeit with various irregularities of which Plaintiff complains—and appealed to a state court of appeals. *Id*. *Ng II* was dismissed on July 9, 2018, prior to the Court issuing summonses, and is currently on appeal to the Ninth Circuit. *Ng II*, Dkts. #10 and #16.

Plaintiff's current action is a rehashing of the claims advanced in *Ng II* and follows Judge Coughenour's dismissal of that case.

> I am seeking protection based on the occurrences in the proceedings of 15-2-16467-8 action and the proceedings Court of Appeals (COA) under #74051-2. The time frame of the instant action remains the same period from May 13, 2015 through November 2, 2015 as stated in C18-0690. May 13, 2015 was the date when Defendant Bing Kung brought its first frivolous eviction action 15-2-10896-4 and November 2, 2015 was the date when COA wrongfully dismissed my timely filed #74051-2 appeal.

ORDER – 2

Dkt. #9 at ¶ 1.e. While the lengthy and disjointed Complaint is somewhat difficult to follow, Plaintiff complains of many procedural and substantive irregularities and perceived errors that occurred in the various state court actions. *See generally*, Dkt. #9.

### III. DISCUSSION

Where a plaintiff proceeds *in forma pauperis*, as Plaintiff does here, the court is to dismiss the action, at any time, if it fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Because federal courts are courts of limited jurisdiction, a plaintiff also bears the burden of establishing that a case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

In this case, Plaintiff does not establish the Court's subject matter jurisdiction because the action is barred by the *Rooker-Feldman* doctrine. That doctrine prevents federal district courts from otherwise exercising jurisdiction in a narrow set of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. V. Saudi Basic Indus. Corp.*, 54 U.S. 280, 284 (2005) (quotation marks omitted). The doctrine is premised on the United States Supreme Court being the only federal court vested with "jurisdiction over appeals from final state-court judgments." *Lance*, 546 U.S. at 464 (looking to 28 U.S.C. § 1257).

ORDER – 3

Put more flatly:

> If claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2004) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983)). Key to the consideration is "whether the injury alleged by the federal plaintiff resulted from the state court judgement itself or is distinct from that judgment." *Bianchi*, 334 F.3d at 900–01 (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)) (quotation marks omitted).

Plaintiff's Complaint appears clearly precluded by the *Rooker-Feldman* doctrine. Plaintiff alleges procedural and substantive mistakes in his state court proceedings leading to his eviction. But whatever harm Plaintiff suffered as a result was caused by the final state court judgment determining he had no right to remain in his apartment. Plaintiff argues that the state court legal proceedings failed to protect him from this harm and seeks relief from this Court. But these procedural or substantive mistakes, including those touching on constitutional claims, were issues that Plaintiff could have raised in the state court proceedings, appealed within the state court system, and ultimately taken to the United States Supreme Court.

Even if this Court did have subject matter jurisdiction, Plaintiff maintains suit against many individuals employed by the state courts and involved in state court judicial proceedings. Dkt. #9 at 11–15. Plaintiff was previously informed that "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ng II*, Dkt. #10 at 3 (quoting *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)) (quotation marks omitted). Dismissal of these claims would raise an issue as to whether the

ORDER – 4

Court could maintain jurisdiction over Plaintiff's remaining claims. *See* 28 U.S.C. § 1331 (giving federal district courts jurisdiction over federal and constitutional questions); 28 U.S.C. § 1332 (giving federal district courts jurisdiction over controversies exceeding $75,000 and between diverse parties).

In Response to this Order, Plaintiff must write a short and plain statement telling the Court (1) why the Court's jurisdiction is not precluded by the *Rooker-Feldman* doctrine, (2) why the government actors are not immune from Plaintiff's claims, and (3) why this case is otherwise within the Court's subject matter jurisdiction. **This Response may not exceed six double-spaced (6) pages**. Plaintiff is not permitted to file additional pages as attachments.

## IV.　CONCLUSION

Accordingly, the Court hereby finds and ORDERS that Plaintiff shall file a Response to this Order to Show Cause containing the detail above **no later than twenty-one (21) days from the date of this Order**. Failure to file this Response will result in dismissal of this case. The Clerk shall send a copy of this Order to Plaintiff at P.O. Box 14551, Seattle, Washington 98114.

Dated this 9th day of October 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5