UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SING CHO NG,

        Plaintiff,

   v.

JIM METZ, *et al.*,

        Defendants.

CASE NO. C18-1212 RSM

ORDER REVOKING IN FORMA PAUPERIS STATUS ON APPEAL

    Plaintiff was granted leave to proceed in forma pauperis ("IFP") in this matter. Dkt. #8. The Court subsequently dismissed Plaintiff's complaint. Dkt. #13. Plaintiff has appealed to the United States Court of Appeals for the Ninth Circuit. Dkt. #18. The matter was referred back to this Court "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. Dkt. #20.

    An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed IFP. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). Where, as here, the party was permitted to proceed IFP in the district court, the party may proceed IFP on appeal without further authorization unless the district court certifies in writing that the appeal is not taken in good faith or that the party is not otherwise entitled to proceed IFP. Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). An appeal is taken in "good faith" where

ORDER – 1

it seeks review of at least one issue or claim that is found to be "non-frivolous." *Hooker v. American Airline*, 302 F.3d 1091, 1092 (9th Cir. 2002).

An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," such as claims against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist. *Id.* at 327. Factually frivolous claims are those premised on "clearly baseless" factual contentions, such as claims "describing fantastic or delusional scenarios." *Id.* at 327-28.

Plaintiff's action relates to his losing housing and becoming homeless "due to a series of law-violating court proceedings orchestrated by judicial officials of King County Superior Court and Court of Appeals, Division One under eviction case #15-16467-8 and appeal case #74051-2." Dkt. #9 at ¶ 1a. Plaintiff has filed at least two other actions in this Court arising out of the same facts. One was related to the events leading up to and surrounding his eviction by his landlord and remains pending in this Court. *Ng v. Bing Kung Ass'n, et al.*, No. C17-1515RAJ (W.D. Wash. 2017). The other was directly related to the state court actions that Plaintiff's complaint attacks. *See Ng v. Metz, et al.*, No. C18-690JCC (W.D. Wash. 2018). That case was dismissed and is currently on appeal before the United States Court of Appeals for the Ninth Circuit. *Id.* at Dkts. #16 (dismissal) and #17 (appeal docketed as *Ng, v. Bing Kung BL Association*, Case No. 18-35746 (9th Cir. 2018)).

On October 9, 2018, the Court ordered Plaintiff to show cause and explain: "(1) why this Court's jurisdiction is not precluded by the *Rooker-Feldman* doctrine, (2) why the government actors are not immune from Plaintiff's claims, and (3) why this case is otherwise within the

ORDER – 2

Court's subject matter jurisdiction." Dkt. #11. Plaintiff did not respond to the Court's requests to demonstrate subject matter jurisdiction. Dkt. #12.

Plaintiff instead expanded on the allegations of his complaint making clear that he sought (1) duplicitous litigation of claims asserted in his other action pending before this Court and (2) to relitigate—in federal court—claims that he had unsuccessfully litigated in state court. Dkt. #13. Because Plaintiff's claims appear clearly precluded[1] and he has done nothing to establish that this Court has subject matter jurisdiction over the claims, the Court finds that the appeal is frivolous.

The Court also finds that Plaintiff's appeal is frivolous as it was not timely filed. *See* Fed. R. App. P. 4(a)(1) (notice of appeal to be filed within 30 days). Plaintiff did seek an extension of time to file notice of appeal but gave no explanation for the request. Dkt. #15. Because the applicable rule—Federal Rule of Appellate Procedure 4(a)(5)(A)(ii)—requires that a "party show[] excusable neglect or good cause" the Court denied the motion. Dkt. #16. Plaintiff has not attempted to provide any explanation for his delay. Because Plaintiff's appeal is clearly precluded by the Federal Rules of Appellate Procedure, the Court finds that it is frivolous.[2]

Accordingly, the Court hereby FINDS that Plaintiff's appeal is frivolous or taken in bad faith and ORDERS that Plaintiff's in forma pauperis status is REVOKED.

---

[1] The *Rooker-Feldman* doctrine prevents federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. V. Saudi Basic Indus. Corp.*, 54 U.S. 280, 284 (2005) (quotation marks omitted); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2004).

[2] The Court also notes that Plaintiff's appeal in this action appears frivolous as he has already appealed dismissal of the same claims to the Ninth Circuit Court of Appeals. *See Ng, v. Bing Kung BL Association*, No. 18-35746 (9th Cir. 2018).

ORDER – 3

The Clerk is directed to forward this Order to the United States Court of Appeals for the Ninth Circuit, with reference to *Ng v. Metz*, 19-35031 (9th Cir. 2019).

The Clerk is directed to send a copy of this Order to Plaintiff at P.O. Box 14551, Seattle, Washington 98114.

Dated this 7th day of February 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4